# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| **WILLIAM BRISCO**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: N23C-10-128 FJJ |
| v. | ) | |
| | ) | |
| **JOSEPH HURLEY**, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: July 16, 2024
Decided: July 22, 2024

## OPINION AND ORDER
## ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### GRANTED

*Mr. William Brisco*, Smyrna, DE 19977*, Pro-Se.*

*Jeffrey M. Weiner, Esquire*, Wilmington, DE 19801, *Attorneys for Defendant*

**Jones, J.**

William Brisco ("Plaintiff" or "Brisco") has sued Joseph Hurley ("Defendant" or "Hurley") alleging that Hurley committed legal malpractice. Hurley has filed a motion for summary judgment. This is the Court's decision on that motion.

**FACTS**

On December 10, 2021 State Police observed a parked vehicle with its engine operating and inside were 4 children, not one of whom appeared to be of sufficient age to have a driver's license. There were no adults in the car. A male appeared departing from the Casino and identified himself as the father of the children. This male was Brisco. Brisco advised that he had left his children to place a bet. One Trooper observed a clear sandwich bag protruding from his sleeve which the Trooper believed to be cocaine. The Trooper seized the bag. Brisco turned and ran. He was chased, tased and apprehended.[1]

As a result of these events Brisco was indicted for Drug Possession, Possession of Drug Paraphernalia and Resisting Arrest.[2] Brisco retained Hurley to represent him. On February 24, 2022 Hurley sent a letter to Brisco that stated in part:

> "Once all the Rule 16 material has been received, I review and organize the material and prepare a written summary of the State's evidence and forward it to you for review. I want to you know what cards the State has before you commit yourself to the Defense. After you have received the summary I will ask you to call Keri and schedule meeting with me and you will make me aware of your response to the allegations of the State."[3]

---

[1] Defendant's Motion for Summary Judgment, Appendix, page 16-20.
[2] *Id.,* page 4.
[3] *Id.,* page 1-3.

2

On July 22, 2022 Hurley entered his appearance on behalf of Brisco.[4] On September 8, 2022, the State, by Samuel Kenny, Deputy Attorney General ("Kenny"), filed its Discovery Response including redacted Delaware State Police reports and requesting that Hurley not forward copies of these reports to his client or relatives unless you first discuss the matter with me.[5]

In a January 4, 2023 email Brisco requested that Hurley send to Brisco the Discovery.[6] At that point Brisco and Hurley got into an argument about what Hurley was going to give to Brisco. Hurley maintained that he was only to provide his summary (which he provided to Brisco on January 22, 2023) which was consistent with his letter of engagement with Brisco.[7] Brisco maintained his right to the entirety of the documents produced by the State. The dispute led to Hurley terminating his relationship with Brisco. Hurley, with Court approval, withdrew his appearance or March 6, 2023.[8] Hurley also refunded the entirety of the retainer paid by Brisco.

Thereafter, Matthew Keating, Esquire ("Keating"), of the Office of Defense Services, entered his appearance for Brisco and sent his Discovery request to Kenny.[9]

---

[4] *Id.,* pages 6-9.
[5] *Id.,* pages 11-15.
[6] *Id.,* page 21.
[7] *Id.,* pages 24-27.
[8] *Id.,* page 8.
[9] *Id.,* pages 8-9.

On June 6, 2023 Keating filed a Motion to Suppress on behalf of Brisco.[10] The State filed an eight (8) page Response on July 6, 2023.[11] On July 14, 2023 Kenny advised Keating that:

> In readying the case for trial, I discovered the original chemist moved to San Diego. DFS retested the drugs. The Lab Report, Chain of Custody, photo packet, GCMS packet are attached. Please let me know if you would like a copy of Nichole Gerlach's CV:
>
> Keating responded:
> "In the meantime, I just wanted to remind you of the defendant's request for all people in the chain of custody, as included in our original discovery request. Will the State be able to produce everyone? Again, I haven't reviewed everything, but I'm guessing the original analysis would be needed because of her interactions with the substance during the testing.[12]

A few hours after this e-mail exchange Kenny advised the Court that "Due to a recently discovered evidentiary issue, the State will be entering *nolle prosequi* on William Brisco…"[13]  Kenny testified at his deposition that as of July 6, 2023 the State intended to prosecute this case.[14]

Suit was filed in this case on October 17, 2023. On March 3, 2024 a case scheduling order was entered which provided plaintiff with an expert report deadline of July 1, 2024.[15]

---

[10] *Id.,* pages 33-40.
[11] *Id.,* page 41-48.
[12] *Id.,* page 51.
[13] *Id.,* page 52.
[14] *Id.,* page 61.
[15] D.I. 25.

## STANDARD OF REVIEW

Summary judgment is appropriate when the record "shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."[16] The moving party bears the burden of establishing the nonexistence of material issues of fact.[17] The burden then shifts to the nonmoving party to establish the existence of material issues of fact.[18] In considering the motion, the Court must view the evidence in a light most favorable to the nonmoving party and accept the nonmovant's version of any disputed facts.[19]

## ANALYSIS

Brisco alleges that Hurley committed malpractice in two respects. In the Complaint Brisco alleges:

(a) Mr. Hurley would not provide the discovery in my case to me (William Brisco) as requested several times. Mr. Hurley informed me verbally and in a written letter that I didn't have a right to receive the discovery. That he had an agreement with the prosecutor not to provide the defendant with a discovery. Which is a violation of my 6th amendment." and;

(b) "I went onto research my case myself and fortunately I was able to instruct the Public Defender that the State of Delaware appointed me, what to do to get my case dismissed.

Under Delaware law, for a Plaintiff to maintain a legal malpractice action he must meet each prong of a three element test which includes proving (1) the

---

[16] Del. Super. Ct. Civ. R. 56(c).
[17] *See Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[18] *See id.* at 681.
[19] *See Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 99-100 (Del. 1992) (internal citations omitted).

employment of an attorney; (2) the attorney's neglect of a professional obligation; and (3) resultant loss.[20] To prove the third element, the damages element, the Plaintiff in a legal malpractice action must demonstrate that "but for his lawyers' negligence, Plaintiff would have been successful in the underlying action."[21] "Thus, in order to sustain a claim of professional negligence against a Delaware attorney, Plaintiff must establish the applicable standard of care through the presentation of expert testimony, a breach of that standard of care, and a causal link between the breach and the injury.[22] However, an expert witness is not needed in those cases where the mistakes are so obvious that a layperson, exercising common sense, would be competent to determine whether the lawyer acted negligently.[23]

Brisco has not proffered an expert report. In his response to the summary judgment motion Brisco says "I initially intended to subpoena attorneys Tom Foley and Eugene Maurer ESQ to verify the discovery process. After further review of the evidence I decided it was no need to call them in the proceeding." At oral argument on the instant motion the Court inquired of plaintiff whether he intended to get an expert report. Brisco responded that he was going to stand on the record and not seek an expert opinion. Brisco maintained that this is a case where an expert opinion is not necessary.

---

[20] *Healthrio, Inc. v. Margules et. al.* 2007 WL 544156 (Del. Super. 2007).
[21] *Id.*
[22] *Id*; *Middlebrook v. Ayers*, 2004 1284207 (Del. Super. 2004).
[23] cite *Addalli v. Boyer*, 258 A.3d 160 (Del. 2021).

Brisco's first allegation of malpractice revolves around a criminal defense attorney's obligations to a client in terms of what discovery material needs to be shared with a client. This claim fails to two reasons.

First in Hurley's February 24, 2022 engagement letter Hurley specifically advised Brisco that "Once all of the Rule 16 material has been received, I review and organize the material and prepare a written summary of the State's evidence and forward it to you for review". Hurley conditioned his representation of Brisco on Brisco being provided with a summary of the material. Brisco cannot now be heard to complain that it was malpractice for failing to provide the original material to Brisco when that was not the agreement he reached with Hurley.

Even if Hurley's engagement letter is not sufficient to relieve Hurley from legal liability the question of a criminal defense attorney's obligations to a client in terms of what discovery material needs to be shared with a client is one that requires expert testimony. It is not an area that falls within a mistake that is so obvious that a layperson, exercising common sense, would be competent to determine. Plaintiff's failure to produce an expert opinion as to this issue is fatal to this claim. Brisco is incorrect that this is a case that can be presented to a jury without an expert.

Brisco's second allegation is that "I went onto research my case myself and fortunately I was able to instruct the public defender that the State of the Delaware appointed me, what to do to get my case settled". The Court is not at all clear that

this states a claim for malpractice. But even if it does, the undisputed factual record does not support the allegation.

It was not until well after Hurley was discharged did the State make it known to the defense that the chemist who performed the test had moved to California. Further, it was not until July 14, 2023 that the State determined that the chemist testimony was needed and without her the case had to be nolle prosed. Kenny's clear deposition testimony was that as of July 6, 2023 the State intended to prosecute the case. This statement is certainly consistent with the fact that on July 6, 2023 Kenny filed an 8-page response to Brisco's motion to suppress. It is also consistent with his July 14, 2023 email to Keating that starts out "Due to be recently discovered…"

Brisco attempts to create a factual dispute on this point. Brisco points to Kenny's testimony that it was shortly after a December 27, 2022 email from the forensic chemist that the state decided to dismiss the case. This misreads the clear deposition testimony.[24] The question asked by Brisco was when the State decided not to pay for the chemist to travel to Delaware and Kenny responded by saying shortly thereafter. Kenny's testimony is clear that it was not until July that he determined that the chemist was a necessary witness and having made the determination the case had to be nolle prosed.[25] There is simply no factual support

---

[24] Kenny Deposition page 29.
[25] Kenny Deposition page 29.

8

for any allegation that Hurley failed to do anything related to this issue, so it was never brought to his attention during his representation of Brisco.

For the stated reasons, Hurley's Motion for Summary Judgment is **GRANTED**. Hurley's Motion for a Protective Order is DENIED as moot.

**IT IS SO ORDERED**.

/s/     *Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

cc:    File&ServeXpress